UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **MARY HAWKINS FOSTER** | : | **DOCKET NO. 3:22-CV-3268** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO., ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

This suit was filed on plaintiff's behalf by the firm McClenny Moseley & Associates, PLLC ("MMA"). Doc. 1. Plaintiff became a *pro se* litigant by operation of an order of this court styled "Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters" (the "Termination Order"). Doc. 18. The Termination Order set an August 16, 2023, status conference that plaintiff was ordered to attend in person. The Termination Order additionally cautioned plaintiff that

> Unless and until you retain a new attorney who enrolls in your proceeding on your behalf, you will be representing yourself. While you are representing yourself, no one else can speak to the court for you because only you or a licensed attorney admitted to practice in this district may speak on your behalf. As long as you are representing yourself, it is your responsibility to be aware of and abide by the various orders and rules of the court and to cooperate with defense counsel in obtaining information properly requested according to those rules. Understand that neither chambers, defense counsel, nor the clerk of court can provide legal advice to you, although all will attempt to be as helpful as possible without crossing boundaries. Failure to follow rules and cooperate could result in penalties being imposed, which ultimately could result in a recommendation that the case be dismissed.

*Id.*

Plaintiff appeared at the August 16, 2023, hearing and indicated she would proceed *pro se* until she could retain a new lawyer. She was reminded to comply with all rules and deadlines provided by the court. Doc. 26.

By email communication found at docket no. 27, the court conferred with pro se plaintiff and defense counsel as to progress. Defendant reported that plaintiff has yet to submit her initial disclosures. Doc. 27. By order dated October 23, 2023, the court extended plaintiff's Initial Disclosures deadline to November 3, 2023, and set a second status conference for November 29, 2023. The order again ordered plaintiff to attend the conference in person and cautioned plaintiff "that her failure to provide initial disclosures as required or her failure to appear at the conference could result in adverse consequences, including a recommendation that this matter be dismissed for failure to abide by court orders or failure to prosecute or both. Doc. 27.

The court held the status conference on November 30, 2023, in the Monroe Division of the U.S. District Court for the Western District of Louisiana. Doc. 31. Plaintiff did not appear for the status conference as instructed. *Id.*

Rule 1 of the Federal Rules of Civil Procedure, defining the scope and purpose of the rules governing procedure in civil actions and proceedings, instructs us to construe, administer, and employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *see also Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021) (discussing *Berry*). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid

congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962).

For these reasons, we **RECOMMEND** to the district court that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and abide by the orders of the court, and that the judgment provide that this civil action may be reinstated within 30 days for good cause shown, per W.D. La. Loc. Civ. R. 41.3, with any such showing to be made in writing and filed into the record of this matter.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 1st day of December, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE